UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| TAVON WINBUSH, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-1118 |
| ) | |
| PROCOLLECT, INC. ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | |

## COMPLAINT

Now comes TAVON WINBUSH ("Plaintiff") complaining as to the conduct of PROCOLLECT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector.

6. Defendant is a Texas corporation, headquartered in Dallas, Texas, that regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On or about February 19, 2019, Plaintiff received a letter from Defendant, attached as Exhibit A.

9. The letter stated that Plaintiff owed a debt for rent on an apartment with an original balance of $1,160.31.

10. The letter stated that Plaintiff also owed a "Collection Agency Fee" of $7.50 that was "authorized in the lease with your Creditor or state law."

11. Upon information, reference, and belief, no such collection agency fee was ever "authorized."

[ 2 ]

12. Further, the letter offered a purported 35% discount on the balance due on this alleged debt.

13. The purported 35% discount did not factor in Defendant's $7.50 collection agency fee. Including the collection agency fee, the total discount offered was less than 35%.

14. Further, the offer was valid "if payment of $761.70 is received in our office no later than 3/30/2019," but the letter noted that "ProCollect is under no obligation to honor this offer *after it expires*." (Emphasis added.)

15. Additionally, the letter stated that "[i]f you cannot pay the balance in full and would like to set up payment arrangements, you must call our office by 3/30/2019."

16. This statement would lead the least sophisticated consumer to believe that Defendant was willing to accept a payment plan to pay off the balance.

17. Plaintiff could not afford to pay the balance in full at that point in time, and he found the idea of getting on a payment plan to be attractive.

18. On or about March 19, 2019, Plaintiff called Defendant for the purpose of setting up a payment plan.

19. During the phone call, Plaintiff was told by Defendant's agent that he needed to pay the entire $761.70 offered settlement amount "today" or he would be required to pay the entire original balance of $1,160.31, plus the $7.50 collection agency fee.

20. This directly contradicted what Defendant stated in its February 19, 2019 letter. That letter stated that Plaintiff had until March 30, 2019 to pay the $761.70 settlement amount.

21. On information and belief, Defendant's reference to "payment arrangements" was a mere ruse designed to entice Plaintiff to call Defendant regarding the debt. Defendant never intended to offer any "payment arrangements," that is, any payment plans.

22. Plaintiff explained to Defendant's representative that Plaintiff needed to set up a payment plan in order to pay off the alleged debt.

23. Defendant's agent refused the offer of a payment plan and stated that it would be impossible to accept any type of payment plan on the account whatsoever.

24. Instead, the agent stated that Plaintiff needed to get his credit card out and "pay this right now."

25. Plaintiff stated that he could not pay the entire amount that very day.

26. Defendant's agent stated that he was marking Plaintiff's conduct down as a "refusal to pay."

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it

uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

31. The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. Defendant violated this provision by offering a "35% discount" that did not add up to 35% when the collection agency fee was factored in.

34. Defendant violated this provision by falsely implying the Plaintiff could set up a payment plan, when in reality Defendant had no intention of accepting a payment plan.

35. Defendant violated this provision by stating that Plaintiff had until March 30, 2019 to accept an offer of settlement, but then stating that Plaintiff was required to accept the offer on the spot over the phone on March 19, 2019.

36. Defendant further violated § 1692f(1) by charging a $7.50 collection agency fee that, on information and belief, was not authorized by law or agreement.

[ 5 ]

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

37. Plaintiff realleges the above paragraphs as though fully set forth herein.

38. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

39. Plaintiff is a "person" as defined by R.C. 1345.01(B).

40. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

41. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

42. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

43. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

44. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

45. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny

violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

46. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

47. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    **b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **e.** Awarding Plaintiff $200 per violation of the CSPA, plus reasonable attorney fees;

    **f.** Awarding Plaintiff the costs of this action; and

    **g.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  March 26, 2019

                                            By:  s/ Jonathan Hilton

                                            Jonathan Hilton (0095742)
                                            HILTON PARKER LLC
                                            10400 Blacklick-Eastern Rd NW, Suite 110
                                            Pickerington, OH 43147
                                            Tel: (614) 992-2277
                                            Fax: (614) 427-5557
                                            jhilton@hiltonparker.com